**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

_____

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AFFINITY HEALTHCARE MANAGEMENT, INC.,** | Case No. 16-30043 (JAM) |
| **HEALTH CARE INVESTORS, INC.,** | Case No. 16-30044 (JAM) |
| **HEALTH CARE ALLIANCE, INC.,** | Case No. 16-30045 (JAM) |
| **HEALTH CARE ASSURANCE, LLC, and** | Case No. 16-30046 (JAM) |
| **HEALTH CARE RELIANCE, LLC.** | Case No. 16-30047 (JAM) |
| **Debtors.** | **(Joint Administration Pending)** |

_____

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTIONS AND
RESPONSES TO CERTAIN OF THE DEBTORS' FIRST-DAY MOTIONS**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, objects to certain of the first-day motions of Affinity Healthcare Management, Inc. ("Affinity Healthcare") and related chapter 11 debtors (collectively, the "Debtors"). In support of this objection, the United States Trustee provides the following:

**I.     BACKGROUND**

1.     On January 13, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Case Nos. 16-30043 through 16-30047 ("Cases"), inclusive. *See* Cases each at ECF 1. The Debtors consist of four operating nursing homes and one management company.

2.     Upon information and belief, the Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. The Debtors are represented by the law firm of Pullman & Comley, LLC ("P&C") and attorneys Elizabeth J. Austin and Jessica Grossarth, specifically.

1

3.  The United States Trustee is in the process of soliciting creditor interest in the formation of one or more Official Committee(s) of Unsecured Creditors.

4.  On January 13, 2016, the Debtors filed a series of "first-day" pleadings, including (i) a motion for joint administration [ECF 2 in Case 16-30043]; (ii) Motion to Pay Pre-Petition Payroll [ECF 3 in Case 16-30043]; (iii) Motion for Entry of Order for Authority to Maintain Pre-Petition Accounts and Cash Management Systems [ECF 4 in Case 16-30043]; (iv) Motion to Extend Deadline to File Schedules or Provide Required Information [ECF 5 in Case 16-30043]; and (v) Motion for Order (A) Approving Sale of Provided Accounts Receivable to Revenue Management Solutions, LLC Pursuant to §§ 363(b) and (f) of the Bankruptcy Code; (B) Granting First-Priority Security Interests on Purchased Accounts; (C) Authorizing Indebtedness with Administrative Super-Priority and Secured by Liens on and Security Interests in Non-Purchased Accounts and on All Other Assets of the Providers Pursuant to §§ 364(c) and (d) of the Bankruptcy Code; (D) Authorizing Use of Cash Collateral and (E) Granting Related Relief ("Sale/Cash Collateral Motion")[ECF 6 in Case 16-30043] .  The Debtors filed identical motions in each of the Cases.  The Debtors requested emergency hearings on limited notice of each of the foregoing "first-day" motions.  ECF 10 in Case 16-30043.

5.  After 4:00 pm on January 13, 2016, the Court docketed an order scheduling a hearing on the "first-day" motions for 9:30 am on Friday, January 15, 2015 and authorizing limited notice of same.  ECF 11 in Case 16-30043.

## II.    OBJECTIONS/RESPONSES

**<u>Sale/Cash Collateral Motion</u>**

As a preliminary matter, given the time constraints of having less than 24 hours[1] to review the Sale/Cash Collateral Motion and Proposed Order, the United States Trustee may not have identified all issues presented by the Sale/Cash Collateral Motion and Proposed Order.

In sum, the United States Trustee asks that the Court not approve all of the relief requested in the Sale/Cash Collateral Motion and Proposed Order as the Debtors have failed to demonstrate that all of the relief requested is necessary and appropriate on an *interim basis on limited notice*. The United States Trustee has several concerns with respect to the Sale/Cash Collateral Motion as follows:

*<u>Scope of order not appropriate on an interim basis</u>*

The Proposed Order is not an interim order. It is not limited to the protections needed to allow the Debtors to operate on an interim basis. It is, instead, a final order with bells and whistles that grants the buyer Revenue Management Solutions, LLC ("RMS") relief that goes beyond what is necessary on an interim basis.

It is unclear from the Sale/Cash Collateral Motion and Proposed Order whether RMS is **<u>*lending*</u>** any money to the Debtors. The Sale/Cash Collateral Motion and Proposed Order is quite clear that RMS is agreeing to buy receivables and that RMS's purchase of the Debtors' receivables is to be treated as a "true sale." If RMS is not actually loaning other funds to the

---

[1] Debtors' "Cash Collateral Motion" was filed at 3:06 p.m. on January 13, 2016; however, Debtors' Proposed Order submitted with their respective Motions to Limit Notice and Expedite Hearing did not include the "Cash Collateral Motion" as one of the Motions which hearing was to be expedited; therefore, the United States Trustee did not begin the review of the "Cash Collateral Motion" until the Bankruptcy Court entered an Order Shortening and Prescribing Notice at approximately 4:19 p.m. on January 13, 2016. The United States Trustee, in order to insure that the Bankruptcy Court would have time to review his response to the Debtors' First Day Motions prior to the hearing was compelled to file that response by 4:00 p.m. on January 14, 2016 thus having less than 24 hours' notice in which to file the United States Trustee's Objections and Responses to Debtors' 126 page "Cash Collateral" Motion/Order.

Debtors, then RMS should not receive any liens or super-priority claims. RMS should not receive liens or super-priority claims on assets it owns as is requested in paragraph (b) and (e) on page 4 of the Proposed Order, paragraph F(iii) on page 13 of the Proposed Order, paragraph F(viii) on page 16 of the Proposed Order, paragraph 3(b) on page 19 of the Proposed Order, paragraph 6 on pages 21-23 of the Proposed Order, and other locations in the Proposed Order.[2]

*Section 506(c) Waiver*

Under Section 506(c) of the Bankruptcy Code, a debtor is permitted to surcharge a secured creditor for the cost of preserving a secured creditor's collateral. Because Section 506(c) provides a potential recovery for unsecured creditors, the Debtors should not be permitted to waive this relief as requested in the Proposed Order at ¶ F(ix) and 21 at pages ___ of the Proposed Order.

*Section 552(b) waiver*

At Paragraph 21 of page 36 of the Proposed Order, the Debtors are requesting improperly that the Court waive prospectively any argument that the equities of the case exception should apply. *See In re Metaldyne Corp.*, 2009 WL 2883045, at *5-6 (Bankr. S.D.N.Y. 2009) (court declined to make finding of fact that equitable rule was waived).

*Improper Limitation on Ability to Negotiate with Other Lenders*

Paragraph 26(g) on page 43 of the Proposed Order prohibits the Debtors from negotiating exit financing with another lender other than RMS unless the Debtors have first negotiated with RMS and have been unable to negotiate terms with RMS substantially similar to the "DIP funding." Such a limitation is inappropriate in any order, let alone an interim order. Further, the term "DIP funding" is undefined within the Proposed Order.

---

[2] Given the time constraints of having less than 248 hours to review the Sale/Cash Collateral Motion and Proposed Order, the United States Trustee may not have identified all applicable sections.

*Improper Limitations on Carveout*

Paragraph 11 on page 28 of the Proposed Order limits the amount of money that can be used by the Official Committee of Unsecured Creditors (if appointed) to investigate RMS's pre-petition liens. Such a limitation is not appropriate on any level and should be deleted.

Paragraph 19 on page 34 of the Proposed Order provides for a "carveout" which covers amounts for professionals and for chapter 11 quarterly fees due pursuant to 28 U.S.C. §1930(a)(6)). This "carveout" is a mislabeled, however, as it is actually a pot of money that is added to the debt (if there is any) owed to RMS under paragraphs 7(d) and 7(e) of the Proposed order (page 23) and the Proposed Order states RMS's security interests cannot be invaded to fund the carveout.

If RMS is allowed to have first position liens on everything the Debtors own as it seeks under the Sale/Cash Collateral Motion and Proposed Order, RMS must be required to fund from its collateral the payment of chapter 11 quarterly fees due pursuant to 28 U.S.C. §1930(a)(6) plus interest accrued pursuant to 31 U.S.C. § 3717 ("Chapter 11 Quarterly Fees") and must allow for a "true" carveout. Further, because the obligation to pay Chapter 11 Quarterly Fees cannot be reduced, by agreement or otherwise, and it therefore cannot be part of the language in Paragraph 19 that purports to reduce the "carveout" dollar for dollar by the fees paid to professionals during the chapter 11 cases. Chapter 11 Quarterly Fees are not administrative expenses but are statutory fees which every Chapter 11 estate must timely pay in order to stay a Chapter 11 debtor. The protections and obligations to pay Chapter 11 Quarterly Fees must stand alone and must be a "true" carveout from any first position liens that may be granted to RMS. This is Debtors' second time in chapter 11 [*See* Case No. 08-22175 and its related administratively-joined cases]. Debtors' first round as Chapter 11 debtors featured a classic failure to timely pay Chapter 11

5

Quarterly Fees. *See* Case No. 08-22175 at ECF 1010. Because the obligation to pay Chapter 11 Quarterly Fees is statutory, it must be facilitated by the orders entered by this Court and not prevented by liens and language protecting RMS.

### *Insufficient Challenge Period*

Paragraph 18 at pages 32-33 of the Proposed Order reserves rights to certain parties to challenge RMS's liens. Paragraph 18, however, needs revision. Paragraph 18 inappropriately appears to require parties to first obtain court orders finding such parties have standing to challenge RMS's liens, no matter if a party already has standing. Second, it limits the challenge period to the earlier of 30 days from the entry of a final order on the Sale/Cash Collateral Motion or 45 days from the entry of an interim order on the Sale/Cash Collateral Motion. The challenge period should be no less than a 60-day period from the date Court enters a final order on the Sale/Cash Collateral Motion. Further, language should be added to allow any trustee appointed within that initial challenge period to have time to investigate and/or challenge. The trustee's challenge period should be the greater of 30 days after appointment or the time remaining under the initial challenge period.

### *Inappropriate Language for Conversion Order*

Paragraph 26(s) on page 46 of the Proposed Order requires that an order entered by the Court converting these cases to chapter 7 contain express language regarding RMS's assets and rights. Such language is neither necessary nor appropriate.

### *Payment to RMS for fees and expenses*

Paragraph 26(r) on page 46 of the Proposed Order requires the Debtors to pay RMS weekly for the fees and expenses RMS incurs without notice to anyone other than the Debtors. The Proposed Order should require notice to others of such fees and expenses, including, at a

6

minimum, the United States Trustee and any Official Committee of Unsecured Creditors that is appointed. The Proposed Order should require that such weekly payment remains subject to RMS seeking and obtaining court approval of such fees and expenses on a quarterly or biannual basis.

**Joint Administration Motion**

The United States Trustee has no objection to the joint administration of the Debtors' five Chapter 11 cases under the lead case of Affinity Healthcare Management, Inc., Case No. 16-30043 (JAM).

**Pre-petition Payroll Motion**

The United States Trustee does not object to the payment of Debtors' employees for that period of time covered by the current payroll period which existed pre-petition; however, in order to insure that such payments are appropriate, the United States Trustee requested and received a list of those employees being paid along with their job descriptions and proposed amount of payment under the "Payroll Motion." It appears that all such payments are for amounts less than the maximum allowed for priority unsecured "wage" claims; therefore, the United States Trustee does not object to the relief requested in the "Payroll Motion."

**Bank Accounts Motion**

The United States Trustee does not object to the Debtors maintaining and keeping open their respective financial accounts at People's United Bank, N.A. ("People's United") as People's United is an approved depository for Chapter 11 DIP and Trustee funds; however, as the purpose of closing pre-petition accounts also serves to prevent pre-petition creditors from inadvertently receiving payment post-petition on their pre-petition claims, the United States Trustee requests that the Bankruptcy Court order the Debtor to take steps to insure that no

payment will be made on a pre-petition claim which is not specifically authorized by the Bankruptcy Court. In addition, the United States Trustee also requests that the Bankruptcy Court require the Debtors to file a report approximately 30 days after the commencement of the Debtors' cases which reports on post-petition disbursements made from their respective pre-petition financial accounts to insure that pre-petition creditors did not inappropriately receive payments.

### III.   CONCLUSION

Wherefore, the United States Trustee respectfully requests that the Court deny the Motions to the extent of the United States Trustee's objections, require the Debtors to act in accordance with the United States Trustee's suggestions concerning its Bank Account Motion and grant such other relief as is appropriate.

Dated: January 14, 2016  
      New Haven, Connecticut

Respectfully submitted,

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Steven E. Mackey  
Steven E. Mackey/ct09932  
Trial Attorney  
Office of the United States Trustee  
Giaimo Federal Building, Room 302  
150 Court Street  
New Haven, CT 06510  
(203) 773-2210