UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | ) JOINTLY ADMINISTERED |
| | ) UNDER |
| AFFINITY HEALTHCARE MANAGEMENT, INC., | ) 16-30043 (JAM) |
| HEALTH CARE INVESTORS, INC., | ) |
| HEALTH CARE ALLIANCE, INC., | ) |
| HEALTH CARE ASSURANCE, LLC, AND | ) CHAPTER 11 |
| HEALTH CARE RELIANCE, LLC[1], | ) |
|     DEBTORS. | ) RE: ECF Nos. 737, 738, 739, |
| | ) 745, 746, 747 |
| | ) |

## ORDER DISMISSING CHAPTER 11 CASES

On May 30, 2017, at approximately 9:30 a.m., a hearing was held on certain matters in

the above-referenced Chapter 11 cases, including the Debtors' motion for the continued use of

cash collateral to fund their business operations.  Prior to May 30, 2017, eighteen Interim Orders

entered authorizing the Debtors use of cash collateral with the consent of the Debtors' secured

creditor, Revenue Management Solution, LLC ("RMS").

During the May 30th hearing, the Debtors informed the Court that RMS would no longer

consent to the Debtors' continued use of cash collateral needed to operate their businesses.  The

Debtors also informed the Court that after consultation with the State of Connecticut,

Department of Social Services ("DSS"), the DSS would be filing an application for the

appointment of a receiver in the Connecticut Superior Court to take possession of and operate the

three skilled nursing facilities operated by the Debtors.  In light of the developments described

during the hearing, the Court instructed the parties to file appropriate motions and continued the

hearing to 3:00 p.m. to address the motions filed by the parties.

---

[1] Hereinafter referred to as the "Debtors".

The DSS then filed a Motion for Relief From the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) (the "Motion for Relief", ECF No. 737), to proceed with an application for the appointment of a receiver in the Connecticut Superior Court.  The Debtors also filed a Motion to Convert the Case from Chapter 11 to Chapter 7 (the "Motion to Convert", ECF No. 738), and a Motion to Expedite the Hearing on the Motion to Convert to be held at 3:00 p.m. on May 30, 2017 (the "Motion to Expedite", ECF No. 739).

During the continued hearing, the Court granted the DSS's Motion for Relief.  The Court also allowed all parties an opportunity to file responses to the Motion to Convert.  On May 31, 2017, pursuant to an Order of the Connecticut Superior Court, a receiver was appointed to take possession of and operate the three skilled nursing facilities operated by the Debtors.  (See Receivership Order, ECF No. 745).

On June 1, 2017, RMS filed a Reply in Support of the Debtors' Motion to Convert Cases from Chapter 11 to Chapter 7 (the "Reply of RMS", ECF No. 746), the United States Trustee's Office (the "UST"), filed a Statement in Support of Dismissal (the "Statement of the UST", ECF No. 747), and Pacifica Connect, LLC ("Pacifica"), filed an Objection to the Motion to Convert (the "Objection of Pacifica").

On June 2, 2017, a telephonic hearing was held on the Motion to Convert, the Reply of RMS, the Statement of the UST, and the Objection of Pacifica.  Counsel for the Debtors, RMS, Pacifica, the Official Committee of Unsecured Creditors, and the Office of the United States Trustee were present at the June 2, 2017 hearing, and advanced their respective positions.  At the conclusion of the hearing, the Court took the Motion to Convert under advisement.

The Court has reviewed the record in the Debtors' cases, reviewed and considered the submissions of the parties and the arguments advanced by counsel during the hearings on the Motion to Convert, and the applicable law.  Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. §1112(b), the Court finds that dismissal, not conversion, of the Debtors' cases is in the best interest of the creditors and the Debtors' estates. Therefore, the Debtors' cases are **DISMISSED**.

IT IS SO ORDERED at Bridgeport, Connecticut this 24th day of July 2017.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut